**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000893
29-JUN-2018
09:06 AM**

NO. CAAP-17-0000893

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ALFRED NAPAHUELUNA SPINNEY, Defendant-Appellant,

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
SOUTH KOHALA DIVISION
(CASE NO. 3DTA-17-03587)

ORDER DISMISSING APPEAL
FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Reifurth and Chan, JJ.)

Upon review of the record of district court criminal case number 3DTA-17-03587 for the appeal in appellate court case number CAAP-17-0000893, it appears that we lack appellate jurisdiction pursuant to Hawaii Revised Statutes (HRS) § 641-12(a) (2016). Defendant-Appellant Alfred Napahueluna Spinney (Spinney), pro se, appeals from a December 4, 2017 interlocutory order that the Honorable Peter Bresciani entered during the pretrial proceedings for Plaintiff-Appellee State of Hawaii's prosecution of Spinney for failing to appear in answer to a citation in violation of HRS § 803-6(e) (2014). The district court has not yet conducted the trial for this matter, much less entered a final judgment. Under these circumstances, dismissal of this appeal is necessary.

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawai'i 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (2016). HRS § 641-12(a) is the statute providing that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." Consequently, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." State v. Bohannon, 102 Hawai'i 228, 236, 74 P.3d 980, 988 (2003); see also Rule 32(c)(2) of the Hawai'i Rules of Penal Procedure; State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005) (regarding the appealability of a district court judgment of conviction); State v. Hern, 133 Hawai'i 59, 62, 323 P.3d 1241, 1244 (App. 2013) (regarding the appealability of a district court judgment dismissing the complaint without prejudice).

In the instant case, the December 4, 2017 order is not independently appealable under HRS § 641-12, and, thus, it is an interlocutory order that would be eligible for appellate review only by way of an appeal from an appealable final judgment under the principle that, "[a]s a general rule, an appeal from a final judgment in a case brings up for review all preceding interlocutory orders in the case." State v. Adam, 97 Hawai'i 475, 482, 40 P.3d 877, 884 (2002) (citations omitted). The district court has not yet entered a final judgment in this matter. Absent an appealable final judgment under HRS § 641-12, we lack appellate jurisdiction.[1]

---

[1] "Generally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." TSA International Limited v. Shimizu Corporation, 92 Hawai'i 243, 265, 990 P.2d 713, 735 (1999) (citations omitted). "The general rule, however, assumes that the notice of appeal is valid under the applicable statutory provisions and procedural rules. Where
(continued...)

2

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-17-0000893 is dismissed for lack of appellate jurisdiction.

DATED:   Honolulu, Hawai'i, June 29, 2018.

Chief Judge

Associate Judge

Associate Judge

---

[1]/ (...continued)
the notice of appeal is jurisdictionally defective, filing the notice does not transfer jurisdiction from the trial court to the appellate court." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citations omitted; emphasis added).

3